IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY SHAWN LEWIS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 22-1452 |
| LIEUTENANT HOLLOWOOD, et al., | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Tony Shawn Lewis, a prisoner who is incarcerated at the State Correctional Institution at Greene, Pennsylvania (SCI Greene), brings this civil rights case against several prison officials at SCI Greene, alleging that they assaulted him or failed to take action to intervene when other officers did so. He raises claims under the Eighth and Fourteenth Amendments to the Constitution.

Presently pending before the Court for resolution are Plaintiff's motion to strike and for summary judgment (ECF Nos. 24, 27). In these motion, Plaintiff asserts that Defendants' Answer was untimely filed, and therefore, should be stricken. He also argues that summary judgment should be entered in his favor, presumably on the basis that if the Answer is stricken, he is entitled to a default judgment in his favor.

For the reasons that follow, Plaintiff's motions will be treated as motions to strike and will be denied.

I. **Procedural History**

Plaintiff submitted a Complaint and a motion for leave to proceed in forma pauperis (IFP) on October 14, 2022. On October 21, 2022, his motion to proceed IFP was granted and the

Complaint was filed (ECF No. 4). A deficiency order was subsequently entered and the case was administratively closed. After Plaintiff cured the deficiencies, the case was reopened and an order was entered on December 12, 2022, that directed the United States Marshal to make service upon Defendants (ECF No. 11).

The docket sheet indicates that notices and waivers were mailed by certified mail to the Defendants on December 19, 2022 (ECF No. 26) and they filed an Answer to the Complaint on February 7, 2023 (ECF No. 14). While the record reflects the dates of service, there is nothing in the record that reflects when Defendants may have executed and/or returned the waiver.

Thereafter, Defendants filed a motion for judgment on the pleadings (ECF No. 17).[1] On March 8, 2023 and again on March 17, 2023, Plaintiff filed motions to strike and for summary judgment (ECF Nos. 24, 27).

## II.   Standard of Review

An answer to a Complaint is due either:

(i) within 21 days after being served with the summons and complaint; or

(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

Fed. R. Civ. P. 12(a)(1)(A). An untimely answer may be stricken. See Fed. R. Civ. P. 12(f).

Motions to strike, however, "are not well favored and usually will be denied unless the allegations have no plausible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *River Rd. Dev. Corp. v. Carlson Corp.-NE.*, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990)." It is well established that striking a pleading

---

[1] Defendants' motion will be denied as moot in light of Plaintiff's request (submitted in his response to their motion) to file an Amended Complaint.

should be seldom done by courts because of the practical difficulty of deciding cases without a factual record. Striking a pleading is a drastic remedy only resorted to when required for the purposes of justice. *N. Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994) (citing *United States v. Consolidated Coal Co.*, No. 89-2124, 1991 WL 333694, at *1 (W.D. Pa. July 5, 1991)).

    C.  **Analysis**

As noted above, Defendants were mailed a request for notice and waiver on December 19, 2022. They had 60 days to file an Answer, or until February 17, 2023. Their Answer was filed on February 7, 2023 and therefore was timely. As Plaintiff has provided no basis to conclude otherwise, he has failed to support his claim that Defendants' Answer was untimely.

Even assuming for the sake of argument that the Answer was untimely, however, Plaintiff's motion must be denied. The effect of striking the Answer would be to enter a default, and the Court of Appeals for the Third Circuit "does not favor entry of defaults or default judgments, ... as it prefers adjudications on the merits." *Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003). *See also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) (stating the court's preference for deciding cases on the merits over default judgment; *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 2004) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable.")

Furthermore, Plaintiff has failed to allege, much less demonstrate, any prejudice he would sustain even if Defendants' Answer had been untimely filed. Indeed, he now seeks to amend his Complaint, which necessarily means that Defendants will have the right to respond with an answer or other responsive pleading.

Finally, Plaintiff does not explain the grounds for his motion for summary judgment in

which he requests that the Court issue a declaratory judgment that the Defendants violated his rights under the Eighth and Fourteenth Amendments and seeks various amounts of monetary damages. Notably, his motion fails to comply with the requirements of Federal Rule of Civil Procedure 56. Assuming that he contends that he can obtain a default judgment in his favor if Defendants' Answer is stricken, he is incorrect. Under the circumstances here, in the absence of any prejudice and in light of his request to amend his complaint, such relief is neither appropriate nor warranted. And as explained above, the Court of Appeals prefers adjudication of claims on the merits to default judgments.

For these reasons, this 20th day of March, 2023, it is ORDERED that Plaintiff's motions to strike and for summary judgment (ECF Nos. 24, 27) are DENIED.

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

cc:    Tony Lewis
       DE-9453
       SCI Greene
       169 Progress Drive
       Waynesburg, PA 15370